HANSON BRIDGETT LLP
Miles C. Holden (MH-2011)
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366
mholden@hansonbridgett.com
*Attorneys for Defendant, Counter-Claimant,*
*and Third-Party Claimant Giulio Palma*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

HALPERIN BATTAGLIA RAIGHT, LLP,

                           Plaintiff,

                           v.

GIULIO PALMA,

                           Defendant.

------------------------------------------------------------- x

GIULIO PALMA,

               Counter-Claimant and
               Third-Party Claimant,

               v.

HALPERIN BATTAGLIA RAIGHT, LLP,

               Counter-Defendant,

               and

WINSTON & STRAWN LLP; and
JONATHAN COHEN,

               Third-Party Defendants.

------------------------------------------------------------- x

11 CIV 6509 (NRB)
ECF Case

**DEFENDANT GIULIO PALMA'S ANSWER**

**DEFENDANT/COUNTER-CLAIMANT/THIRD-PARTY CLAIMANT  GIULIO PALMA'S COUNTERCLAIM AGAINST HALPERIN BATTAGLIA RAIGHT, LLP AND THIRD-PARTY COMPLAINT AGAINST WINSTON & STRAWN LLP AND JONATHAN COHEN**

**DEFENDANT/COUNTER-CLAIMANT/THIRD-PARTY CLAIMANT  GIULIO PALMA'S DEMAND FOR A JURY TRIAL**

3835665.2

Defendant Giulio Palma ("Defendant"), by and through his attorneys Hanson Bridgett LLP, answers the Complaint of Plaintiff Halperin Battaglia Raight, LLP ("Plaintiff") as set forth below. If an averment is not specifically admitted, it is hereby denied.

## I.   ANSWER TO COMPLAINT

### Nature of the Action

This section of the Complaint contains legal conclusions and argument as to which no response is required. Nevertheless, Defendant denies each and every allegation contained therein, except admits the Complaint purports to seek certain relief.

### The Parties

1.   Answering Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Paragraph 1 further contains legal conclusions and argument as to which no response is required.

2.   Answering Paragraph 2, while Defendant admits that he has physically "resided" at this address, he denies that this address constitutes his legal "residence".

### Jurisdiction and Venue

3.   Answering Paragraph 3, while Defendant admits that he has physically "resided" in the State of Illinois, it is denied that this address constitutes his legal "residence". Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Paragraph 3 further contains legal conclusions and argument as to which no response is required.

4.   Answering Paragraph 4, Defendant admits that the Complaint states that Plaintiff contends the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies

1

such allegations.  Paragraph 4 further contains legal conclusions and argument as to which no response is required.

5.    Answering Paragraph 5, Defendant denies each and every allegation contained therein.

**The Invoices**

6.    Answering Paragraph 6, Defendant admits that he signed a "Retainer Agreement" on or about this date, but as detailed *infra* contends that Retainer Agreement was to only become valid and enforceable after Winston & Strawn LLP ("W&S") also signed the Retainer Agreement.

7.    Answering Paragraph 5, Defendant denies each and every allegation contained therein in part because Plaintiff was not authorized to incur any fees or disbursements until after W&S also signed the "Retainer Agreement."

8.    Answering Paragraph 8, Defendant admits Plaintiff issued several invoices, but is unable at this time to confirm the timing of those invoices and therefore denies balance of the allegations in this paragraph.

9.    Answering Paragraph 9, while the invoices attached as Schedule "A" indeed appear to be the relevant invoices, Defendant's records are not so complete as to further answer this allegation at this time, and therefore Defendant denies each and every allegation contained therein.

10.    Answering Paragraph 10, Defendant admits he advanced Plaintiff a retainer of $50,000.00, but with the agreement that W&S was to actually pay all the invoices such that this retainer would be returned.  Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

11.    Answering Paragraph 11, Defendant denies each and every allegation contained therein; if any sums are owed to Plaintiff, they are owed by W&S.

///

///

2

**First Claim for Relief (Breach of Contract)**

12.     Answering Paragraph 12, Defendant incorporates by reference his responses contained in each and every of the preceding paragraphs as if fully set forth herein.

13.     Answering Paragraph 13, Defendant denies each and every allegation contained therein; in particular, Plaintiff failed to accomplish the first assignment given by Defendant which was to secure W&S's signature to the Retainer Agreement before commencing any work.

14.     Answering Paragraph 14, Defendant admits that Plaintiff requested payment from W&S which later refused.  Only after W&S refused payment, did Plaintiff then request payment from Defendant.

15.     Answering Paragraph 15, Defendant denies each and every allegation contained therein.

**Second Claim for Relief (Account Stated)**

16.     Answering Paragraph 16, Defendant incorporates by reference his responses contained in each and every of the preceding paragraphs as if fully set forth herein.

17.     Answering Paragraph 17, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

18.     Answering Paragraph 18, Defendant denies each and every allegation contained therein.

19.     Answering Paragraph 19, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

20.     Answering Paragraph 20, Defendant denies each and every allegation contained therein.

21.     Answering Paragraph 21, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

22.     Answering Paragraph 22, Defendant denies each and every allegation contained therein.

23.     Answering Paragraph 23, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

24.     Answering Paragraph 24, Defendant denies each and every allegation contained therein.

25.     Answering Paragraph 25, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

26.     Answering Paragraph 26, Defendant denies each and every allegation contained therein.

27.     Answering Paragraph 27, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

28.     Answering Paragraph 28, Defendant denies each and every allegation contained therein.

29.     Answering Paragraph 29, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

30.     Answering Paragraph 30, Defendant denies each and every allegation contained therein.

31.     Answering Paragraph 31, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

32.     Answering Paragraph 32, Defendant denies each and every allegation contained therein.

33.     Answering Paragraph 33, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

34.     Answering Paragraph 34, Defendant denies each and every allegation contained therein.

35.     Answering Paragraph 35, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

3835665.2

36. Answering Paragraph 36, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

38. Answering Paragraph 38, Defendant denies each and every allegation contained therein.

39. Answering Paragraph 39, Defendant admits an invoice bearing this number and amount was issued, but as detailed *infra* contends it was issued to W&S.

40. Answering Paragraph 40, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations because Defendant's records are not so complete as to further answer this allegation at this time, and therefore Defendant denies each and every allegation contained therein.

42. Answering Paragraph 42, Defendant denies each and every allegation contained therein; Defendant repeatedly and consistently "objected" noting that W&S was supposed to pay these invoices.

43. Answering Paragraph 43, Defendant denies each and every allegation contained therein.

44. Answering Paragraph 44, Defendant admits that Plaintiff applied the $50,000.00 retainer. Except as expressly admitted herein, Defendant denies each and every allegation contained therein.

45. Answering Paragraph 45, Defendant denies each and every allegation contained therein.

///

///

///

5

3835665.2

**Relief Sought**

46.     Answering Paragraph A of the Prayer for Relief, Defendant denies that Plaintiff is entitled to a judgment against him for $108,281.54 plus interest as determined by the Court from the dates of each invoice.

47.     Answering Paragraph B of the Prayer for Relief, Defendant denies that Plaintiff is entitled to costs and disbursements of this action and such other, further and different relief as to this Court may seem just and proper.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses.  Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.  As for affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1.     As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(All Obligations Performed)**

2.     As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant has fully and/or substantially performed any and all obligations he may have had to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

**(Apportionment of Fault)**

3.     As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendant, whether or not parties to this action.  By reason thereof, Plaintiff's damages, if any, as against the Defendant,

3835665.2

must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendant may be entitled to partial indemnity from others on a comparative fault basis.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.      As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the equitable doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.      As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Plaintiff alleges that Defendant is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the equitable doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

6.      As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the equitable defense of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7.      As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, if any, are barred for its failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

7

3835665.2

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8.      As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the subject conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Terms, Conditions, Limitations And Exclusions In The Contract)

9.      As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Plaintiff's rights and claims against Defendant, if any, are barred in whole or in party by the terms, conditions limitations and exclusions in the contract.

## TENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

10.      As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that that any obligations owed by him under any alleged contract were excused by Plaintiff's breach of the alleged contract.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Any Damages Caused By Plaintiffs And/Or Others)

11.      As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that if Plaintiff herein suffered or sustained any loss, harm, injury, damages or detriment, the same was directly and proximately caused and contributed to in whole or in part, by the breach of contract, breach of the implied covenant of good faith and fair dealing, acts, omissions, activities, carelessness, recklessness and/or negligence of Plaintiff and Defendant is therefore not legally responsible in any way or manner with respect to the claims alleged in the Complaint.

///

///

8

3835665.2

## TWELFTH AFFIRMATIVE DEFENSE

### (No Damages)

12. As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff did not suffer or incur any damages, injury or harm as a result of any acts, conduct, errors, mistakes, wrongdoing or omissions of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

13. As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that he has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and accordingly Defendant reserves the right to amend, modify, revise, or supplement this Answer to assert additional affirmative defenses and/or counterclaims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Malpractice)

14. As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that his is not liable for some or all of the damages alleged because Plaintiff's alleged damages resulted in part or in whole from its own legal malpractice.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

15. As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the actions taken by Defendant were in full compliance with the law.

///

///

9

3835665.2

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure of Condition)

16.     As a separate and sixteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's causes of action are barred by Plaintiff's failure to perform all conditions to Defendant's purported right to recover.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

17.     As a separate and seventeenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred from recovering on the claims in its Complaint on the grounds of mistake.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offset)

18.     As a separate and eighteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, the Defendant has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled.  As a result, the Defendant is entitled to an offset against any sums found owing to the Plaintiff from Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Performance Excused)

19.     As a separate and nineteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that Defendant was excused from any performance due from him to Plaintiff under any of the alleged contracts.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Proximate Cause – Other Persons)

20.     As a separate and twentieth affirmative defense to the Complaint and each purported cause of action contained therein, Defendant alleges that the damages alleged to have

10

3835665.2

been suffered by Plaintiff in the Complaint were proximately caused or contributed to by acts or failures to act of persons other than this answering Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. For a judicial declaration that Defendant does not owe any sums to Plaintiff;

4. For a judicial declaration that Plaintiff is liable to Defendant for malpractice;

5. That Defendant be awarded his costs and attorneys' fees and costs incurred in defending this action; and

6. That Defendant be granted such other and further relief as the Court may deem just and proper.


Dated: San Francisco, California
      October 26, 2011

HANSON BRIDGETT LLP


By:   s/ Miles C. Holden
     Miles C. Holden (MH-2011)
     425 Market Street, 26th Floor
     San Francisco, California 94105
     Telephone: (415) 777-3200
     Facsimile:  (415) 541-9366
     mholden@hansonbridgett.com
     *Attorneys for Defendant, Counter-*
     *Claimant, and Third-Party Claimant*
     *Giulio Palma*

3835665.2

## II.   COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant/Counter-Claimant/Third-Party Claimant Giulio Palma, by and through his attorneys Hanson Bridgett LLP, hereby brings his counterclaim against Counter-Defendant Halperin Battaglia Raight, LLP ("HBR"), and a third-party complaint against Third-Party Defendants Winston & Strawn LLP ("W&S") and Jonathan Cohen ("Cohen"), respectfully alleging that:

### NATURE OF ACTION

1.      This is a counterclaim/third-party action by Mr. Palma against HBR, W&S, and Cohen pursuant to Federal Rule of Civil Procedure 13(h), arising out of the above-referenced action filed by HBR against Mr. Palma for $108,281.54 for legal services allegedly provided pursuant to a retainer agreement.  Mr. Palma served as the administrator for Solstice Ownership 7, Srl ("Italian Srl"), an Italian company related to Solstice, LLC, and in this capacity worked on a purchase contract for property in Florence, Italy.  W&S/Cohen served as counsel for Solstice and for the Italian Srl, and W&S incurred fees before it was fired by Solstice, LLC.  In March of 2009, Solstice LLC filed for bankruptcy.  W&S/Cohen asked Mr. Palma to include W&S as a vendor on the list of creditors for the Italian Srl for services rendered.  Mr. Palma questioned whether this was legally appropriate since W&S had also made a claim in Solstice, LLC's U.S. bankruptcy.  W&S/Cohen assured Mr. Palma this was legally appropriate.  In fact, W&S/Cohen offered to indemnity Mr. Palma from any liability and/or legal proceedings arising out of this matter; in other words the indemnity agreement was meant to back up W&S/Cohen's legal advice that this request was legally appropriate.  The parties thereafter executed an indemnity agreement which was signed by W&S/Cohen.  Later, Mr. Palma was served with a Motion for an Order for Production of Documents and Examination Pursuant to Bankruptcy Rule 2004 (the "2004 Exam") served on him by Solstice, LLC in connection with Solstice, LLC's bankruptcy. Mr. Palma demanded indemnity from W&S/Cohen which agreed and hired HBR on Mr. Palma's behalf.  W&S/Cohen had a long standing relationship with HBR, and HBR handled many other bankruptcy matters for W&S/Cohen.  It was understood by all that W&S/Cohen were agreeing to

12

3835665.2

pay the fees pursuant to the indemnity agreement.  W&S/Cohen, however, have failed to follow through on its indemnity agreement, in breach of their fiduciary duty and contract.  Moreover, HBR, as counsel to Mr. Palma, negligently discharged its duties in connection with these events. W&S/Cohen and/or HBR have damaged Mr. Palma, as set forth below.

## THE PARTIES

2.      At all material times herein, Mr. Palma was and is not a resident of New York, and as noted *supra*, did have a residence in the State of Illinois.

3.      At all material times herein, HBR was and is a New York limited liability partnership with its principal place of business in New York, New York.

4.      At all material times herein, W&S was and is an Illinois limited liability partnership with its principal place of business in Chicago, Illinois.

5.      At all material times herein, Cohen was and is an individual and was an attorney at W&S during some or all of the relevant times herein, and resided in the San Francisco Bay Area, California.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1332 and 1367.  This is originally a civil action between two parties, Mr. Palma and HBR, who are residents of different states, and the amount claimed in controversy exceeds jurisdictional limits. Jurisdiction as to W&S/Cohen is proper pursuant to supplemental jurisdiction.  28 U.S.C. § 1367.

7.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

///

///

///

///

13

3835665.2

## FACTUAL BACKGROUND

**A.    Mr. Palma Entered Into An Agreement With Solstice To Serve As An Administrator For The Italian Srl.**

8.    Solstice, LLC a Delaware company, was "destination" club that had approximately 94 members with access to roughly 15 properties.  For several years W&S/Cohen served as counsel for Solstice, LLC and the Italian Srl.

9.    On or around February 1, 2008, Mr. Palma entered into a contract with Solstice, LLC to provide the following services ("Agreement"):

> (i) administer Solstice Ownership 7, Srl . . . including, without limitation, mediation and negotiation with persons and entities having contractual relationships with Ownership arising from Ownership's European property or properties, review of accounts payable, preparation of tax documents, and other matters reasonably related to the above; (ii) as directed by Client, to transfer to Ownership any of Client's properties located outside the United States, including, without limitation, all work related to obtaining new bank financing, if any, preparation of tax and registry documentation, and all other matters reasonably related to the above; (iii) work at Client's direction on property acquisitions outside the United States . . . ; (iv) work toward refinancing of Client's non-United States properties, as directed by institutions necessary for said refinancing; (v) assist as reasonably requested by Client with respect to work related to properties owned by Ownership or Client which are located outside the United States, including, without limitation, the management and operation of said properties.

10.    Prior to entering into the Agreement, Mr. Palma was introduced to the then CEO by Solstice, LLC's U.S. lawyers, W&S/Cohen.

11.    While Mr. Palma was the administrator of the Italian Srl, the Italian Srl entered into a contract to purchase a villa in Florence, Italy ("Italian Property").  W&S/Cohen provided the Italian Srl legal assistance with many aspects of that purchase and the financing and other issues that arose.

12.    In the fall of 2008, there were delays with an Italian bank in financing the Italian Property.

3835665.2

13.     A new CEO purportedly took over Solstice in late 2008 replacing Solstice, LLC's founder and CEO Graham Kos.  The new CEO for months simply ignored the deteriorating state of affairs in Italy, culminating in Mr. Beltrami giving notice that the Italian Srl was in the functional equivalent of a U.S. "default" and started the process to terminate the purchase contract.

14.     In or around December 2008, on information and belief, W&S/Cohen were fired as Solstice, LLC's lawyers.  At that time, W&S claimed it was owed approximately $1 million from Solstice, LLC and the Italian Srl in unpaid legal fees.

**B.     W&S/Cohen Asked Mr. Palma To List W&S As A Vendor On The List of Creditors For The Italian Srl For Services Rendered.**

15.     In or around the spring of 2009, W&S/Cohen approached Mr. Palma and asked him to include W&S as a vendor on the list of creditors for the Italian Srl for services rendered.

16.     Mr. Palma questioned whether this was legally appropriate since W&S had also made a claim in Solstice, LLC's U.S. bankruptcy.

17.     W&S/Cohen assured Mr. Palma this was legally appropriate.  In fact, W&S/Cohen offered to indemnity Mr. Palma from any liability and/or legal matters arising out of this matter; in other words the indemnity agreement was meant to back up W&S/Cohen's legal advice that this request was legally appropriate.

18.     Mr. Palma agreed and listed W&S as a vendor on the list of creditors for the Italian Srl for services rendered.

**C.     Mr. Palma Incurred Legal Fees, Including The Fees HBR Seek In This Suit, But W&S  Refuses To Pay Per The Indemnity Agreement.**

19.     On or around March 5, 2009, Solstice, LLC filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, Bankruptcy Petition No. 09-11010 (REG) ("Solstice Bankruptcy").

20.     On or around May 12, 2009, Solstice, LLC served the 2004 exam.  Solstice, LLC sought information and documents related to Solstice, LLC's financial history, assets, and liabilities, particularly as they relate to the Italian Srl and the Italian Property.

3835665.2

21.     W&S/Cohen stated they were discharging their obligations under the indemnity agreement and agreed to hire HBR to represent and defend Mr. Palma in connection with the 2004 exam ("Retention Agreement").

22.     Around that same time, the first of several Italian lawsuits were filed against Mr. Palma, and he also demanded indemnity from W&S/Cohen.  Mr. Palma understood that W&S obligations to actually start paying the indemnity obligations did not vest until December of 2009.  Mr. Palma only started to suspect that W&S/Cohen were balking on their several obligations in 2010.

**D.      W&S Failed To Pay HBR's Fees And HBR Breached Its Duty To Properly Advise Mr. Palma.**

23.     Per the Indemnity Agreement, W&S agreed to pay for HBR's services in representing Mr. Palma in connection with the 2004 exam.  But, Mr. Palma was not informed until HBR's work was largely completed that W&S had not signed the "Retention Agreement."

24.     In addition, HBR failed to advise Mr. Palma to:

a.     either tender the 2004 exam and/or the Italian litigation to his directors and officers liability insurer, Greenwich Insurance Company ("Greenwich"); and/or consult insurance coverage counsel regarding whether these matters should be tendered to Greenwich; and

b.     better document his Indemnity Agreement with W&S.

25.     As a result of counsel's negligence, Greenwich claims that Mr. Palma's tender was late, and refuses to pay any of Mr. Palma's pre-tender defense expenses.

26.     In addition, Mr. Palma is now being sued for legal fees from HBR, which is the subject of this action, which Mr. Palma contends W&S is legally obligated to pay.

///

///

///

///

16

## FIRST CAUSE OF ACTION

### (PROFESSIONAL NEGLIGENCE AGAINST HBR)

27. Mr. Palma incorporates by reference the allegations in paragraphs 1 through 26 of this Counterclaim/Third-Party Claim, as though fully set forth herein.

28. HBR owed Mr. Palma a duty of care to provide legal services within the standard of care.

29. HBR breached its duty to exercise reasonable skill, care and diligence for the reasons set forth above, including, among other things, failing to advise Mr. Palma:

a. that W&S failed to sign the Retention Agreement stating that it would pay Mr. Palma's legal fees until HBR had completed most of the work;

b. to either tender the 2004 exam and/or the Italian litigation to Greenwich; and/or advise Mr. Palma to consult insurance coverage counsel regarding whether these matters should be tendered to Greenwich; and,

c. to better formalize the Indemnity Agreement with W&S.

30. As a result of HBR's professional negligence, Mr. Palma has been damaged in an amount according to proof and in excess of the minimum jurisdiction of this Court.

WHEREFORE, Mr. Palma prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY AGAINST W&S AND COHEN)

31. Mr. Palma incorporates by reference the allegations in paragraphs 1 through 30 of this Counterclaim/Third-Party Claim, as though fully set forth herein.

32. Mr. Palma, as a director and officer of a company represented by W&S/Cohen, was owed a fiduciary duty and W&S/Cohen were legally obligated to avoid any action that would impair or injure Mr. Palma.

33. Mr. Palma alleges that W&S/Cohen engaged in various acts in breach of that fiduciary duty, as set forth in detail above, by advising Mr. Palma that it was legally appropriate to list W&S as a vendor on the list of creditors for the Italian Srl for services rendered even

17

3835665.2

though it was already listed as creditor in the Solstice, LLC Bankruptcy Action in New York; by offering Mr. Palma indemnity for any liability resulting from adding W&S as a vendor on the list of creditors for the Italian Srl for services rendered; and, by failing to indemnify Mr. Palma from liability resulting from adding W&S as a vendor on the list of creditors for the Italian Srl, all of which caused the following damages to Mr. Palma:

    a.    costs incurred from HBR in connection with the 2004 exam;

    b.    pre-tender costs incurred that Greenwich will not pay for; and

    c.    expenses incurred in the Italian litigation.

34. As a direct and proximate result of W&S/Cohen's breach of fiduciary duty, Mr. Palma has been damaged in an amount to be proven at trial, and in excess of the minimum jurisdiction of this Court.

WHEREFORE, Mr. Palma prays for relief as set forth below.

### THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT AGAINST W&S AND COHEN)

35. Mr. Palma incorporates by reference the allegations in paragraphs 1 through 34 of this Counterclaim/Third-Party Claim, as though fully set forth herein.

36. Mr. Palma entered into the Indemnity Agreement with W&S/Cohen to indemnify him for legal fees incurred relating to Mr. Palma listing W&S as a vendor on the list of creditors for the Italian Srl;

37. Mr. Palma fully satisfied his obligations under the Indemnity Agreement;

38. W&S/Cohen breached their contractual obligations as set forth in detail above, including but not limited to refusing to indemnify Mr. Palma for the:

    a.    fees allegedly incurred through HBR, which are the subject of HBR's above-referenced action;

    b.    pre-tender costs incurred that Greenwich will not pay for; and

    c.    expenses incurred in the Italian litigation.

3835665.2

39. As a direct and proximate result of W&S/Cohen's breach of contract, Mr. Palma has been damaged in an amount to be proven at trial, and in excess of the minimum jurisdiction of this Court.

WHEREFORE, Mr. Palma prays for relief as set forth below.

**FOURTH CAUSE OF ACTION**

**(DECLARATORY RELIEF - ESTOPPEL - AGAINST W&S AND COHEN)**

40. Mr. Palma incorporates by reference the allegations in paragraphs 1 through 39 of this Counterclaim/Third-Party Claim, as though fully set forth herein.

41. An actual controversy has arisen and now exists between Mr. Palma and W&S/Cohen with respect to W&S/Cohen's obligation to pay attorney's fees incurred in connection with the 2004 exam. Mr. Palma asserts that pursuant W&S/Cohen's advice to Palma to hire HBR to defend him from the 2004 exam and "not to worry," W&S/Cohen would honor the parties' indemnity agreement and pay the bill, that W&S/Cohen are estopped from arguing that it is not obligated to pay the fees incurred, which are the subject of the above-referenced action. W&S/Cohen dispute this contention, and argues it is not responsible for the fees incurred by HBR, which are the subject of the above-referenced action.

42. Declaratory relief is necessary to determine whether W&S/Cohen must now indemnify Mr. Palma and pay the fees allegedly incurred through HBR and the subject of the above-referenced claim.

WHEREFORE, Mr. Palma demands judgment against Plaintiff/Counter-Defendant HBR and Third-Party Defendants W&S and Cohen, and each of them, as follows:

A. For general and compensatory damages in an amount to be proven at trial;

B. For extra-contractual damages in an amount to be determined at trial;

C. For a declaration that W&S/Cohen are estopped from claiming they are not obligated to pay the costs incurred by HBR in connection with the 2004 exam;

D. For reasonable attorney's fees incurred in prosecuting this Counterclaim/Third-Party Claim;

19

3835665.2

E.      For an award of pre-judgment interest on monies owed to Mr. Palma;

F.      For an award of costs incurred in prosecuting this Counterclaim/Third-Party Claim, including expert witness fees; and

G.      For such other and further relief as the Court deems just and proper.

Dated: San Francisco, California          HANSON BRIDGETT LLP
October 26, 2011

By:   s/ Miles C. Holden
      Miles C. Holden (MH-2011)
      425 Market Street, 26th Floor
      San Francisco, California 94105
      Telephone: (415) 777-3200
      Facsimile:  (415) 541-9366
      mholden@hansonbridgett.com
      *Attorneys for Defendant, Counter-
      Claimant, and Third-Party Claimant
      Giulio Palma*

3835665.2

### III.      DEMAND FOR JURY TRIAL

Defendant, Counter-Claimant, and Third-Party Claimant Giulio Palma hereby demands a trial by jury for: (1) the original action by Plaintiff / Counter-Defendant Halperin Battaglia Raight, LLP ("HBR") against Mr. Palma; and (2) the Counterclaim/Third-Party Claim against HBR and Third-Party Defendants Winston & Strawn LLP and Jonathan Cohen as provided by Rule 38 of the Federal Rules of Civil Procedure.


Dated:  San Francisco, California                    HANSON BRIDGETT LLP
         October 26, 2011


                                      By:    s/ Miles C. Holden
                                             Miles C. Holden (MH-2011)
                                             425 Market Street, 26th Floor
                                             San Francisco, California 94105
                                             Telephone: (415) 777-3200
                                             Facsimile:  (415) 541-9366
                                             mholden@hansonbridgett.com
                                             *Attorneys for Defendant, Counter-*
                                             *Claimant, and Third-Party Claimant*
                                             *Giulio Palma*

21

3835665.2